## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gregg D. Smith**
**Petitioner Below, Petitioner**

**vs)  No. 14-1282** (Ritchie County 11-P-19)

**Patrick Mirandy, Warden, St. Mary's Correctional Center**
**Respondent Below, Respondent**

**FILED**

**February 12, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gregg D. Smith, by counsel Matthew T. Yanni, appeals the November 7, 2014, final order of the Circuit Court of Ritchie County denying, in part, his petition for writ of habeas corpus.[1] Respondent Patrick Mirandy, Warden, St. Mary's Correctional Center, by counsel Nic Dalton, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 1, 2007, petitioner was indicted by the Ritchie County Grand Jury on two counts of malicious assault, one count of wanton endangerment involving a firearm, and one count of attempted murder. On October 2, 2007, petitioner was arraigned on these charges in the Circuit Court of Ritchie County before the Honorable Robert L. Holland, Jr. At the time of his arraignment, petitioner was also a party to a civil case proceeding in Doddridge County before Judge Lewis Marks.[2] The Doddridge County matter arose from a dispute between Murvin &

---

[1] In a separate appeal before this Court, Docket Number 14-1255, Respondent Patrick Mirandy, Warden, St. Mary's Correctional Center, appealed the November 7, 2014, order of the Ritchie County Circuit Court. The Warden's appeal relates only to the portion of the circuit court's order granting habeas relief to petitioner, and does not address petitioner's claims herein, which relate to the circuit court's denial, in part, of petitioner's amended omnibus petition for writ of habeas corpus. Our decision today does not impact the Warden's appeal.

[2] The Doddridge County matter, Case Number 05-C-38, was styled *Murvin & Meier Oil Company v. Gregg Smith and Paul Amos Smith*. Judge Marks was assigned to hear the Doddridge County matter after Judge Holland voluntarily recused himself from that case.

Meier Oil Company and petitioner (and his father) over access to a gas well site. Petitioner, as legal power of attorney for his family, was sued by Murvin & Meier for an injunction to allow that company to cross the Smith family farm to work on an adjacent property upon which the company also had a gas well on property owned, in part, by Judge Holland.

During petitioner's October 2, 2007, arraignment, Judge Holland asked both petitioner and his counsel if he should recuse himself from petitioner's case. Petitioner's counsel replied that he did not see any reason for recusal. Judge Holland then asked petitioner directly if he wanted him to recuse himself from hearing the case, and petitioner replied "no, I do not."[3]

Following a jury trial, on September 5, 2008, petitioner was convicted on all four counts of the indictment. On April 8, 2009, petitioner was sentenced to a term of imprisonment of two to ten years for each of his malicious assault convictions; a definite term of five years for his conviction of wanton endangerment involving a firearm; and three to fifteen years for his conviction of attempted first degree murder. In November of 2011, petitioner filed a petition for writ of habeas corpus. He was appointed counsel and, on January 22, 2013, an omnibus habeas petition was filed on petitioner's behalf.

On March 25, 2013, petitioner, by counsel, filed an amended omnibus habeas petition. In his amended petition, he claimed four grounds for relief. First, he claimed that the circuit judge presiding over his criminal trial (Judge Holland) violated petitioner's rights to due process by not recusing or disqualifying himself from the proceedings. In his remaining grounds for relief, petitioner alleged that he received ineffective assistance of counsel. Evidentiary hearings on petitioner's habeas petition were held on May 22, and July 24, 2013.

On November 7, 2013, the circuit court entered its order rejecting petitioner's claims that he was denied due process of law or effective assistance of counsel.[4] In its order, the circuit court found that

it is clear from the record and from the statements of the attorneys who represented the [p]etitioner that the [p]etitioner waived his right to challenge the Honorable Robert L. Holland, Jr., because the Honorable Robert L. Holland, Jr.,

---

[3]This exchange was memorialized in the circuit court's October 25, 2007, order, in which the court noted that:

[p]rior to arraignment, the Court announced that the [d]efendant in this case has appeared before the Judge of this Court on several occasions in both criminal and civil cases. The Court inquired of the [d]efendant as to whether he intended to make a motion before the Judge of this Court to recuse himself from this case. The [d]efendant responded through [c]ounsel and in his own proper person that he did not intend to ask the [j]udge to recuse himself from this case.

[4]The circuit court granted, in part, petitioner's request for habeas relief on the ground that petitioner's constitutional protections against double jeopardy had been violated.

2

informed [p]etitioner and his counsel of the potential for judicial recusal and [p]etitioner and his counsel did not seek that recusal or disqualification.

With respect to petitioner's claims of ineffective assistance of counsel, the circuit court found that petitioner failed to establish the second prong of tests established in *Strickland v. Washington*, 466 U.S. 668, 669 (1984) and syllabus point five, in part, of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), that "but for counsel's unprofessional errors, the result of the proceedings would have been different."

On November 22, 2013, petitioner filed a motion to amend findings and judgment. In this motion, petitioner argued that Judge Holland's involvement in his criminal case was a 'structural' error, subject to automatic reversal under *Neder v. United States*, 527 U.S.1, 8 (1999) A hearing was held on petitioner's motion on April 22, 2014. On November 7, 2014, the circuit court entered its final order, again denying petitioner's request for habeas relief on the grounds of denial of due process or ineffective assistance of counsel. It is from the November 7, 2014, order that petitioner now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and conclusions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises two assignments of error. First, he argues that because Judge Holland was required to disqualify himself from petitioner's case, and did not do so, petitioner's due process rights were violated and the circuit court erred in failing to make such a finding. In his second assignment of error, petitioner argues that the circuit court erred in denying his ineffective assistance of counsel claim because his attorneys (pre-trial, trial, and appellate counsel) failed to investigate the bias of Judge Holland, and because his trial attorney's performance (during trial) was deficient under an objective standard of reasonableness.

With respect to his first assignment of error, petitioner acknowledges that the circuit court found that he waived his right to seek disqualification of Judge Holland, but argues that it is a "structural" error for Judge Holland not to recuse himself from the case as Judge Holland had a direct, personal, substantial, and economic interest in the outcome of a civil suit adverse to petitioner. Conversely, respondent argues that the petitioner never made a motion to have Judge Holland disqualified. Thus, respondent contends petitioner has waived this argument. We agree.

In the instant case, despite his current assertions of bias on the part of Judge Holland, petitioner did not file any motion seeking Judge Holland's disqualification pursuant to Rule

17.01 of the West Virginia Trial Court Rules.[5] In fact, the record reveals that petitioner was asked directly by Judge Holland, during his arraignment, if he intended to seek Judge Holland's disqualification. Petitioner responded in the negative. Petitioner could have filed such a motion numerous times during the underlying proceedings but chose not to do so. Thus, as petitioner failed to comply with the clear and simple steps necessary to seek the disqualification of Judge Holland, we find that his claim for relief on this issue is without merit.

Further, because petitioner's argument with respect to Judge Holland's alleged bias is being raised for the first time in this appeal, we must necessarily find that this argument has been waived. Petitioner was required to bring any issue of possible bias before the circuit court so that it could evaluate its actions to determine the credibility of the allegations and respond to them accordingly. This Court has "long held that theories raised for the first time on appeal are not considered." *Clint Hurt & Assoc. v. Rare Earth Energy, Inc.*, 198 W.Va. 320, 329, 480 S.E.2d 529, 538 (1996). "The rationale behind this rule is that when an issue has not been raised below, the facts underlying that issue will not have been developed in such a way so that a disposition can be made on appeal." *Id.* "[T]here is also a need to have the issue refined, developed, and adjudicated by the trial court, so that we may have the benefit of its wisdom." *Id.* In *State v. Berry*, 227 W.Va. 221, 224, 707 S.E.2d 831, 834 (2011), like the instant case, the issue of disqualification of the trial judge was raised for the first time on appeal. In *Berry*, we ruled that because the disqualification argument was raised for the first time on appeal, the argument was waived. Accordingly, based upon our review of the record herein and our long-standing precedent, we find no error in the circuit court's ruling.

In his second assignment of error, petitioner contends that his trial counsel was deficient under an objective standard of reasonableness,[6] and that each of his counsel (pre-trial, trial and appellate) was ineffective in failing to investigate the bias of Judge Holland. Claims of ineffective assistance of counsel are governed by the following two-pronged test:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995)

---

[5]Rule 17.01 of the West Virginia Trial Court Rules sets forth the grounds for a motion to disqualify a judge and provides the procedure for filing such a motion.

[6]Petitioner contends that his trial counsel's performance was deficient under an objective standard of reasonableness because trial counsel did not proffer sufficient jury instructions, changed his strategy mid-trial, and made questionable remarks during his closing argument.

4

In discussing claims of ineffective assistance of counsel, we have held that "[o]ne who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence." Syl. Pt. 4, *State ex rel Kitchen v. Painter*, 226 W.Va. 278, 700 S.E.2d 489 (2010) (citing Syl. Pt. 22, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)). We have further ruled that in reviewing counsel's performance, courts must determine whether "the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Miller*, 194 W.Va. at 6, 459 S.E.2d at 117, syl. pt. 6, in part.

Based upon our review of the limited record before us, we find that petitioner has failed to satisfy his burden of establishing ineffective assistance of either his appellate, trial, or pre-trial counsel. As to his appellate and pre-trial counsel, petitioner does not demonstrate that the actions of either of these counsel (in failing to seek disqualification of Judge Holland or otherwise) were unreasonable or outside the broad range of professionally competent assistance, or that the outcome of his trial would have been different had counsel sought Judge Holland's disqualification. As such, petitioner has failed to satisfy either prong of the *Strickland* test.

As to petitioner's contention that his trial counsel was ineffective, even though the circuit court found that petitioner's trial counsel's performance was deficient under an objective standard of reasonableness, petitioner fails to satisfy the second prong of the *Strickland* test.[7] Petitioner offered no evidence that the outcome of his sentencing or trial would have been different without his trial counsel's alleged unprofessional errors. The record is replete with overwhelming evidence of petitioner's guilt (including a surveillance video showing petitioner as the aggressor) and the depravity of his acts (petitioner struck one of his victim's with a hammer). Accordingly, we find that the circuit court did not err in denying petitioner's motion for habeas corpus relief on the basis of his ineffective assistance of counsel claims.

---

[7]We note that in its November 7, 2013, order, the circuit court addressed petitioner's ineffective assistance of counsel arguments and found that it was unlikely that a reasonable lawyer would have acted, under the circumstances, as petitioner's trial counsel did in this case. Petitioner's trial counsel was presented with the opportunity to argue excuse, justification, and provocation and did not do so. As such, the circuit court ruled that the first prong of *Strickland* was satisfied. We have held, in syllabus point five of *State ex rel., Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995), that

> [i]n deciding ineffective assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

Thus, even if the first prong of the test has been met, we need not address petitioner's arguments with respect thereto, as he has failed to satisfy the second prong of the *Strickland* test.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 12, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II